I,AMY, J.,
dissenting.
I respectfully dissent, as I find error in the trial court’s determination that the plaintiff fulfilled his burden of proof. In my opinion, a reversal is required. My review indicates that the plaintiff did not prove by a preponderance of the evidence that the food served by the defendant was in a deleterious condition, nor that the plaintiffs illness was caused by his consumption of the defendant’s product.
The trial court’s reasons reveal that it considered Dr. Lubbos’ initial diagnosis that the plaintiffs illness was “[gastroenteritis that is most likely secondary to food poisoning” in determining that the plaintiff met his burden of proof. However, Dr. Lubbos testified in his deposition that the plaintiffs illness could have been caused by a flare-up of chronic cholecystitis, food poisoning, a reaction to some other viral or bacterial agent, or some other unknown condition.
To ascertain the exact cause of the sickness, Dr. Lubbos testified that testing a stool sample would be the proper method for finding whether bacteria were present in a patient. When explaining why a stool sample was not collected from Mr. Foster, the doctor stated:
He was not really having any diarrhea, and sometimes the ... really, the treatment, even if it is food poisoning, it’s like 24 hours of IV fluids. The cost of doing all these tests, it takes two or three days to get it back, and the patient will be out of the hospital, and so we don’t do exact testing, what caused the diarrhea, it will go away, or the food poisoning, because it will go away in up to 24 hours.
|2Pr. Lubbos’ testimony demonstrates that, because he did not perform any bacterial or viral tests on the plaintiff, there was no way to determine exactly what caused the plaintiffs sickness. He said that, in reaching his initial diagnosis, he relied on the history provided by the plaintiff. Dr. Lubbos stated, “I mean, it’s the story that the patient gives you, and then just you have to go by what he says[.]”
In addition to the absence of viral and bacterial test results, there are a number of additional factors in the instant matter that suggest that the plaintiff did not *298 prove that the food was in a deleterious condition when it was served. For instance, the defendants submitted evidence that no other claims were made from June 1, 2002 to June 10, 2002 regarding the Church’s Fried Chicken restaurant that the plaintiff visited. Further, the plaintiff testified that the chicken he ate tasted “fine” to him when he ate it.
Despite the plaintiffs testimony that the only other thing he ate on June 3, 2002 was his usual breakfast, his physician testified that if Mr. Foster had suffered from food poisoning, he could have come into contact with the bacteria or virus at any time within twenty-four hours prior to visiting the hospital “and probably longer than that time.” Also, the record is devoid of evidence which would suggest what Mr. Foster consumed in the period prior to his breakfast on the morning of his illness.
Based on the entirety of the evidence, I find manifest error in the trial court’s determination that the plaintiff proved that it is more likely than not that the food he received at the defendant’s place of business was served to him in a deleterious condition and that the consumption of that food actually caused his injuries. As I find a reversal appropriate, I respectfully dissent.